11/7/2019 2:02 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38316312
By: Joshua Hall
Filed: 11/7/2019 2:02 PM

Cause No. _____

| | | |
|---|---|---|
| **CENTRAL EYE ASSOCIATION, P.A.** | § | **IN THE DISTRICT COURT** |
| **DBA EYE TRENDS** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| | § | |
| **TWIN CITY FIRE INSURANCE** | § | |
| **COMPANY** | § | _____ **JUDICIAL DISTRICT** |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Central Eye Association, (hereinafter referred to as "Plaintiff"), and files this Original Petition against Defendant, Twin City Fire Insurance Company ("Twin City") and respectfully would show this court as follows:

### PARTIES

1.     Plaintiff, Central Eye Association P.A. dba Eye Trends, is a professional service conducting business in Harris County, Texas.

2.     Defendant, Twin City Fire Insurance Company, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action. This defendant may be served via process server at CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### DISCOVERY LEVEL

3.     Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

<span style="color:red; border:1px solid red;">Exhibit A</span>

Certified Document Number: 87987454 - Page 1 of 22

## JURISDICTION

4.     The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court.  Plaintiff is seeking monetary relief of more than $100,000 but less than $200,000.  Plaintiff reserves the right to amend this Petition during and/or after the discovery process.

5.     The Court has jurisdiction over Defendant, Twin City, because Defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas.

## VENUE

6.     Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7.     Plaintiff is the owner of a property insurance policy ("the Policy") number 37 SBA RH7189 issued by Twin City Fire Insurance Company.

8.     Plaintiff is a company conducting business located at 238 Meyerland Plaza, Houston, Texas 77096 located in Harris County (hereinafter referred to as "the Property").  Twin City sold the Policy, required by virtue of the lease, insuring the Property to Plaintiff.

9.     On or about August 26, 2017, Hurricane Harvey struck Harris County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property.  The Storm damaged the Property extensively, causing damage to, building exterior, building interior, and business personal property. The volume of moisture exposure that entered

Certified Document Number: 87987454 - Page 2 of 22

the interior of the Property was so substantial that it caused damage to the interior walls, flooring, sheetrock, insulation, baseboards and business property.

10.     Immediately after the Storm, Plaintiff submitted a claim to Twin City for the damage the Property sustained as a result of the Storm. The claim was assigned claim number Y44F 79516. Plaintiff requested that Defendant cover the cost of repairs, including but not limited to, interior repairs, business structural property, and business income loss.

11.     Defendant and its personnel failed to thoroughly review and properly supervise the work of their employees, which ultimately led to the approving an unfair settlement of Plaintiff's claim.   As a result of Defendant's wrongful acts and omissions set forth above and further described herein, Plaintiff was severely underpaid on the claim and has suffered damages.

12.     Defendant set about to deny and/or underpay on properly covered damages. Defendant failed to provide full coverage for the damages sustained by Plaintiff and under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim.  As a result of Defendant's unreasonable investigation, Plaintiff was wrongfully underpaid on the claim and therefore suffered damages.   The mishandling of Plaintiff's claim also caused a delay in Plaintiff's ability to fully repair the Property, which resulted in additional damages.

13.     To date, Defendant continues to delay the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to the Property.

14.     Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.   Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried

Certified Document Number: 87987454 - Page 3 of 22

out and accomplished by Plaintiff.  Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

15.     Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

16.     As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

17.     Due to an impeding statute of limitations Plaintiff was unable to provide a proper notice letter.

## CAUSES OF ACTION

18.     Each of the foregoing paragraphs is incorporated by reference in the following:

I.      **Causes of Action Against Defendant**

19.      Defendant intentionally breached its contract with Plaintiff, intentionally violated the Texas Insurance Code, and intentionally breached the common law duty of good faith and fair dealing.

A.      **Breach of Contract**

20.     Defendant breached the contract of insurance it had with Plaintiff.  Defendant breached the contract by its failure and/or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

B.      **Noncompliance with Texas Insurance Code:  Unfair Settlement Practices**

4

21.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article were made actionable by TEX. INS. CODE § 541.151.

22.     Defendant's unfair settlement practice of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 5410.060(a)(1).

23.     Defendant's unfair settlement practice of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(2)(A).

24.     Defendant's unfair settlement practice of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(3).

25.     Defendant's unfair settlement practices of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(4).

26.     Defendant's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(7).

**C.     Noncompliance with Texas Insurance Code:   Prompt Payment of Claims**

Certified Document Number: 87987454 - Page 5 of 22

**Statute**

27.     Plaintiff is entitled to interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

28.     Defendant failed to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

29.     Defendant failed to notify Plaintiff in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

30.     Defendant delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

**D.     Breach of the Duty of Good Faith and Fair Dealing**

31.     Defendant breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim when it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

**E.     Knowledge**

32.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

**REQUEST FOR DISCLORE**

Certified Document Number: 87987454 - Page 6 of 22

33.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days if service of this request, the all information and material described in Rule 194.2(a)-(1). TEX. R. CIV. P. 194.2.

**RULE 193.7 NOTICE**

34.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff herby gives actual notice to Defendant that any and all documents and materials produced in response to written discovery or at a deposition may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

**DAMAGES**

35.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

36.     The damages caused by the Storm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

37.     For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of his claim, together with attorney's fees.

38.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been

Certified Document Number: 87987454 - Page 7 of 22

paid pursuant to the policy, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages.  TEX. INS. CODE § 541.152.

39.      For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE § 542.060.

40.      For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional stress.

41.      For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas

## JURY DEMAND

42.      Plaintiff hereby demands a trial by jury and tender the appropriate fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court cite Defendant to appear and answer herein and that Plaintiff takes judgment against Defendant and recovers from Defendant all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of

Certified Document Number: 87987454 - Page 8 of 22

court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**THE POTTS LAW FIRM, LLP**

By:     */s/ Andrew A. Woellner*
       **Andrew A. Woellner**
       SBN:  24060850
       3737 Buffalo Speedway, Suite 1900
       Houston, Texas 77098
       Telephone (713) 963-8881
       Facsimile (713) 583-5388
       Emails: awoellner@potts-law.com

**ATTORNEYS FOR PLAINTIFFS**

Certified Document Number: 87987454 - Page 9 of 22

**PLAINTIFF CENTRAL EYE ASSOCIATION, P.A. DBA EYE TRENDS FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION**

COMES NOW Plaintiff, Central Eye Association P.A. dba Eye Trends, in the above-styled and numbered cause, and requests that Defendant(s) answer the following Interrogatories and Requests for Production separately and fully in writing pursuant to the Texas Rules of Civil Procedure within 50 days of service.  Serve answers to the requests on Plaintiff by and through his/her attorney of record.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to these Interrogatories and Requests for Production:

1.     "You", "your", and "defendant" shall mean the Defendant the interrogatories and requests for production are addressed to in this case, and shall include past or present directors, officers, representatives, employees, agents, guardians, attorneys, or any other person or persons acting or purporting to act on your behalf, whether authorized to do so or not.

2.     "Any" includes the word "all" and "all" includes the word "any".

3.     The term "person" or "persons" shall mean all individuals and entities, including, but not limited to, natural persons, firms, partnerships, associations, organizations, divisions, joint ventures, corporations, trusts, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, agent, governmental entities, domestic or foreign, unincorporated associations, or any other form of business, governmental, public or charitable entity.

4.     Unless otherwise established by the context, the plural shall be construed to include the singular and the singular the plural, wherever the effect of doing so is to increase the information in your responses.

5.     The terms "relate to", "relating to", "refer to", and "referring to" shall be construed to include any connection, direct or indirect, whatsoever with the requested documentation, person, or subject matter, without limitation unless specifically indicated.

6.     "Identify" or give the "identity of" means:

     i.     In the case of a <u>person</u>, to state such person's
         (1)     full name;
         (2)     last known home and business address and home and business telephone number;

10

Certified Document Number: 87987454 - Page 10 of 22

      (3)     employer or business affiliation; and
      (4)     occupation and business position held.

ii.     In the case of a <u>document</u>, to state:
      (1)     the identity of the person or persons preparing it and the sender;
      (2)     its title or a description of the general nature of the subject matter;
      (3)     the identity of the addressee(s), if any;
      (4)     its date or dates of preparation;
      (5)     its date or dates and manner of distribution and publication, if any;
      (6)     the location of each copy and the identity of its present custodian;
      (7)     the type of document; and
      (8)     all characteristics by which that document might be distinguished from any other document.

iii.    In the case of a communication in the form of an <u>oral statement</u>, to state:
      (1)     the identity of the person uttering the oral statement;
      (2)     the place at which such oral statement was uttered;
      (3)     the date on which such oral statement was uttered;
      (4)     the identity of each person in whose presence or hearing such oral statement was uttered; and
      (5)     the substances of the oral statement.

7.     "Evidencing" or "evidences" shall mean constituting, proving, reflecting, indicating, or probative of the existence or nature of any fact, allegation, or given matter.

8.     "Fact" refers to all evidentiary facts presently known to you and all evidentiary facts the existence of which is presently inferred by you from the existence of any combination of evidentiary and/or ultimate facts.

9.     "Policy" refers to the policy of insurance in effect on the date that the loss made the basis of this lawsuit occurred.

10.    "Property" refers to the building, dwelling, other structures, and personal property covered by the Policy, as defined above, made the basis of this lawsuit.

11.    "Lawsuit" shall mean the litigation, the style, court and cause number which is found in the caption to this instrument.

12.    "Document" shall include but not be limited to all handwritten, stenographic, typed, written, or printed writings and papers of every kind, kept, maintained, or received by plaintiff or your attorney, including, but not limited to, contracts, invoices, letters, telegrams, e-mails, memoranda, reports, studies, books, records, calendar or diary entries, pamphlets, notes, charts, tabulations, records (including tape recordings or transcriptions thereof) of meetings, conferences, and telephone or other conversations or communications, ledgers, financial statements, photostats,

Certified Document Number: 87987454 - Page 11 of 22

microfilm, photographs, slides, motion pictures, video tapes, tape and disc recordings on software programs, including reproduction of copies of documents which are not identical duplicates of the original, and also including any reproduction or copies of documents of which the originals are not in the possession, custody or control of Defendant.   This definition includes all copies, reproductions, or facsimiles of documents by whatever means made and all documents for which privilege is claimed.  If copies of a document are not identical by reason of handwritten notations, identification marks, or any other modifications, each such non-identical copy is a separate document within the meaning of this definition.

11.     "Incident" and/or "occurrence", shall mean and refer to that certain incident which is described in more detail in Plaintiff's Original Petition currently on file herein.

12.     A person has knowledge of relevant facts when he has or may have knowledge of any discoverable matter.  The information need not be admissible and personal knowledge is not required.  Identification of a person with knowledge of relevant facts should include a current address and telephone number.

13.     When responding to any of the following Interrogatories, the Defendant is to identify to the fullest extent possible, any document which the Defendant know or suspects had once existed.

Respectfully submitted,

**THE POTTS LAW FIRM, LLP**

By:     _/s/ Andrew A. Woellner_
        **Andrew A. Woellner**
        SBN:  24060850
        3737 Buffalo Speedway, Suite 1900
        Houston, Texas 77098
        Telephone (713) 963-8881
        Facsimile (713) 583-5388
        Emails: awoellner@potts-law.com

        **ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition.  Therefore, Defendant(s) would have received it when it was served with the citation.

THE POTTS LAW FIRM, LLP


*/s/ Andrew A. Woellner*_____
**Andrew A. Woellner**

### PLAINTIFF'S INTERROGATORIES TO TWIN CITY FIRE INSURANCE COMPANY

1. Identify the name, job title, dates of employment and a brief description for all persons providing information for the answers to these interrogatories.

   **ANSWER**

2. Identify all persons and entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

   **ANSWER**

3. Identify the name and job title of each person who inspected the Property made the basis of this Lawsuit and the date of the inspection.

   **ANSWER**

4. If you contend that some or all of the damages to the Property were not covered losses under the Policy, describe:
   a. The scope, cause, and origin of the damages you contend are not covered losses under the Policy, and
   b. The term(s) or exclusion(s) of the Policy you relied upon in support of your decision regarding the Claim.

   **ANSWER**

5. Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under the Policy or Texas Insurance Code, and, if so, describe how notice was deficient and the resulting prejudice, if any.

   **ANSWER**

6. At the time the claim made the basis of this Lawsuit was investigated and inspected, describe all damage attributable to the storm observed at the Property by Defendant, or persons or entities on behalf of Defendant.

   **ANSWER**

7. Please identify all documents and information requested from Plaintiff at the time the claim made the basis of this Lawsuit was investigated, stating the date and manner in which the request was made, and identify the requested documents Defendant claims Plaintiff failed to provide upon Defendant's request.

14

**ANSWER**

8. If you contend Plaintiff's damages claimed in this lawsuit are from a prior insurance claim or prior unrepaired damage, please list all prior claims on the property made in the last ten years, including claim number, date of loss, type of loss, and payments, if any.

   **ANSWER**

9. Describe Defendant's method of determining whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, and whether Defendant has a policy or procedure in place regarding the method of determining O&P.

   **ANSWER**

10. List all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the factual basis that Defendant relies upon to apply that exclusion.

    **ANSWER**

11. Identify all items on the claim made the basis of this Lawsuit that Defendant applied depreciation, stating for each item the method for calculating the depreciation and the age of the item.

    **ANSWER**

12. State the Date Defendant first anticipated litigation.

    **ANSWER**

13. State whether the estimate(s) prepared for the claim made the basis this Lawsuit by Defendant, or on Defendant's behalf, failed to identify any storm related damage at the Property.  If so, identify each item of damage.

    **ANSWER**

14. Identify all underwriting reports in Defendant's possession or control for the Property.

    **ANSWER**

15.  State whether the estimate(s) prepared for the claim made the basis of this lawsuit wrongly included or excluded any item or payment and describe each item or payment by stating whether it should have been included or excluded from the estimate.

15

**ANSWER**

16. Identify the amount of attorneys' fees incurred by Defendant to date and in connection with this amount state:
    a. The activities and work performed from the inception of the representation of Defendant through Present.
    b. The amount of time spent on each of the activities performed from the inception of the representation through Present.
    c. The name and hourly rate charged by each of the attorneys representing Defendant in this case from the inception of the representation until Present; and the date in which the representation of Plaintiff began by each attorney.

**ANSWER**

17. What is your compensation arrangement with your expert witness in this case?

**ANSWER**

18. Describe the work performed by your expert witnesses in this case, including a description of the work, the time the work took to complete, the name of the person who completed the work, the date of the work and the rate charged or applied to the work.

**ANSWER**

19. State every basis, in fact and based on the terms of the policy, for defendant's denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's claim(s)

**ANSWER**

20. If you contend that the Policy is void for any reason, state the factual basis for that contention.

**ANSWER**

## PLAINTIFF'S REQUEST FOR PRODUCTION TO TWIN CITY FIRE INSURANCE COMPANY

1.      The following insurance documents issued for the Properties as identified in the Petition:

      a.      the policy at issue for the date of loss as identified in the Petition; and

      b.      the policy declarations page for the 2014, 2015, and 2016.

RESPONSE:


2.      Produce underwriting files and documents relating to the underwriting for all insurance policies for the Properties identified in the Petition. This request is limited to the past 3 years. To the extent Defendant contends that the underwriting file or documents older than 3 years impact the damages or coverage, produce that underwriting file or document.

RESPONSE:


3.      All documents relating to the condition or damages of the Properties or any insurance claim on the Properties identified in the Petition.

RESPONSE:


4.      All documents relating to any real property insurance claims made by Plaintiff at the insured premises that are the basis of this Lawsuit or business interruption, loss of income and/or business loss claims made by the Plaintiff(s). This request is limited to the past 3 years. To the extent Defendant contends that documents older than 3 years impact the damages or coverage, produce that document.

RESPONSE:


5.      All requests for information to any third party about the Properties, the Plaintiff(s), or the claims made the basis of this Lawsuit.

RESPONSE:

6.      All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage, business interruption, loss of income and/or business loss.

Certified Document Number: 87987454 - Page 17 of 22

RESPONSE:

7.      All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Properties, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

RESPONSE:

8.      All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Properties made the basis of this Lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

9.      Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

10.     To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

RESPONSE:

11.     A complete copy of the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

Certified Document Number: 87987454 - Page 18 of 22

RESPONSE:

12.     All organizational charts, diagrams, lists, and/or documents reflecting each department. Division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

RESPONSE:

13.     All Texas insurance licenses and/or certifications in effect that the time of the claims arising out of the storm made the basis of plaintiff's claim for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications.

RESPONSE:

14.     If an engineer and/or engineering firm evaluated the Properties, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 3 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:

15.     Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production No. 14 above within the last 3 years. A summary is acceptable in lieu of actual invoices or payments.

RESPONSE:

16.     All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

RESPONSE:

Certified Document Number: 87987454 - Page 19 of 22

17.     All documents relating to issues of honesty, criminal actions. past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

RESPONSE:


18.     All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:


19.     All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:


20.     Any email or document that transmits, discusses, or analyzes any report produced in response to Request for Production No. 19 above.

RESPONSE:


21.     All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

22.     Any email or document that transmits, discusses, or analyzes any report produced in response lo Request for Production No. 21 above.

RESPONSE:

Certified Document Number: 87987454 - Page 20 of 22

23.   For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, all documents or tangible things that have been provided to, reviewed by, or prepared for any testifying expert.

RESPONSE:


24.   Pursuant to Texas Rule of Evidence 609(1), provide all documents evidencing conviction of a crime which You intend to use as evidence to impeach any party or witness.

RESPONSE:


25   All indemnity agreements in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:


26.   All contracts in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:


27.   All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiff' claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:


28.   All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiff' claim.

RESPONSE:


29.   To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

21

Certified Document Number: 87987454 - Page 21 of 22

RESPONSE:


30.     If a claim for business interruption, loss or income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating any extra expenses incurred during the period of business interruption loss of income and/or business loss covered under Plaintiff's policy. This request is limited to the last 3 years.

RESPONSE:


31.     If a claim for business interruption, loss of income and/or business loss is asserted, all documents prepared by any third party used to evaluate Plaintiff' claim(s) regarding, in any way, the investigation of business interruption, loss of income and/or business loss claims.

RESPONSE:

32.     All claims handling manuals and/or guidelines that were in effect during Centauri's investigation of Plaintiff' claim.  This request is limited to manuals or guidelines related to wind/hail claims, First Party claims, and/or structural business claims.

RESPONSE:



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 18, 2019

Certified Document Number:        87987454 Total Pages:   22

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

11/7/2019 2:02:50 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 38316312
By: HALL, JOSHUA E
Filed: 11/7/2019 2:02:50 PM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____ **CURRENT COURT:** _____

**Name(s) of Documents to be served:** _Plaintiff's Original Petition_

**FILE DATE:** _11/7/2019_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** _Twin City Fire Insurance Company_

Address of Service: _1999 Bryan Street, Suite 900_

City, State & Zip: _Dallas, Texas 75201_

Agent (if applicable) _CT Corporation System_

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication** Newspaper_____
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias (not an E-Issuance)**
- [ ] **Attachment**
- [ ] **Certiorari**
- [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus**
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY (check one):**
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [ ] **E-Issuance by District Clerk** **(No Service Copy Fees Charged)**
- [ ] **MAIL to attorney at:** _____
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by District Clerk**

*Note:* The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [x] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _Praetorian Protec_ Phone: _281-822-2__

- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: _Andrew Woellner_ Bar # or ID _24060850_

Mailing Address: _3737 Buffalo Speedway, Suite 1900, Hous_

Phone Number: _713-963-8881_

Certified Document Number: 87987455 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 18, 2019

Certified Document Number:        87987455 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**



# MARILYN BURGESS
### HARRIS COUNTY DISTRICT CLERK

## Civil Process Pick-Up Form
## CAUSE NUMBER: 2019-81063

**ATY**                    **CIV X**                    **COURT 151**

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| **\*ATTORNEY: WOELLNER, ANDREW**    **PH: 713-963-8881** |
| **\*CIVIL PROCESS SERVER: PRRAETORIAN PROTECTIVE SERVICES** |
| **\*PH: 713-376-2644**    **BOX: 243** |
| **\*PERSON NOTIFIED SVC READY:** _Paul F_ |
| **\* NOTIFIED BY: JOSHUA HALL** |
| **DATE:** _11-11-19_ |

Type of Service Document: Citation            Tracking Number **73694511**
Type of Service Document:_____       Tracking Number_____
Type of Service Document:_____       Tracking Number_____
Type of Service Document:_____       Tracking Number_____
Type of Service Document:_____       Tracking Number_____
Type of Service Document:_____       Tracking Number_____
Type of Service Document:_____       Tracking Number_____

**Process papers prepared by:**      **J. HALL**

**Date:  11/08/2019**          **30 days  waiting**          **12/08/2019**

| |
|---|
| **\*Process papers released to:** _Andre Franco-Tedto2_ |
| (PRINT NAME) |
| _713-614-4454_    _BV_ |
| **\*(CONTACT NUMBER)**    (SIGNATURE) |
| **\*Process papers released by:** _I. Collins_ |
| (PRINT NAME) |
| _al. Cole_ |
| (SIGNATURE) |
| **\* Date:** _11/12/2019_ ,2019  Time: _12:25_   AM /PM |

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging.

Revised 12-15-2014





I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   November 18, 2019

Certified Document Number:        88064720 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

11/14/2019 8:43 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38481833
By: SHANNON NORTH-GONZALEZ
Filed: 11/14/2019 8:43 AM

**AFFIDAVIT ATTACHED**

CAUSE NO.  201981063

RECEIPT NO.                  0.00       CIV
          *********         TR # 73694511

| | |
|---|---|
| PLAINTIFF: CENTRAL EYE ASSOCIATION<br>vs.<br>DEFENDANT: TWIN CITY FIRE INSURANCE COMPANY | In The   151st<br>Judicial District Court<br>of Harris County, Texas<br>151ST DISTRICT COURT<br>Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

COPY OF PLEADING PROVIDED BY PLTD.

TO: TWIN CITY FIRE INSURANCE COMPANY (AN INSURANCE COMPANY) MAY BE SERVED
    BY SERVING CT CORPORATION SYSTEM
    1999  BRYAN STREET SUITE 900   DALLAS   TX
    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>7th day of November, 2019</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 8th day of November, 2019, under my hand and seal of said Court.



Issued at request of:
WOELLNER, ANDREW A
3737  BUFFALO SPEEDWAY SUITE
1900
HOUSTON, TX 77098
Tel: (713) 963-8881
Bar No.: 24060850

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: HALL, JOSHUA EVERETT  GLH//11376225

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at ____ o'clock ___.M., on the ____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____                      _____

                          _____ of _____County, Texas

_____          By _____
          Affiant                                  Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                          _____
                                      Notary Public

N.INT.CITR.P                    *73694511*

**AFFIDAVIT ATTACHED**

Certified Document Number: 88087138 - Page 1 of 2

**Officer or Authorized return**

Came to hand on the ___12th_____ day of November _A.D., 2019_, at _9:00  o'clock_
_A.M._  and executed by delivering **Twin City Fire Insurance Company** Through registered
**agent CT Corporation System** on the **13th** day of ____November A. D. 2019,_
at ___10:55___ o'clock __A.M.,_ the within named defendant, in person, a true copy of
this Citation, together with a copy of original petition with date of service marked thereon, at
the following location, ___1999 Bryan Street, Suite 900 Dallas Texas 75201_


Citation:  201981063
Plaintiff's Original Petition, Plaintiff Central Eye Association, P.A. DBA Eye TrendsFirst
Set of Interrogatoriesand Requests for Production

Witness Fee: _____
For mileage _____
For Notary_____


_____ **SCH 4688 expires 2/28/2020**

Dave Valfer, 1801 Vassar Drive Richardson, Texas
Authorized Person


COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE. OR CLERK OF THE COURT.
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The
signature is not required to be verified, if the return is signed by a person other than a sheriff, constable, or the clerk of the court, the
return shall be signed under penalty of perjury and contain the following statement:


My name is Dave Valfer

My date of birth is;     July 2, 1960_____and my address is; 1801 Vassar Drive Richardson Texas 75081
Dallas County, Texas

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND
CORRECT.

Certified Document Number: 88087138 - Page 2 of 2



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 18, 2019

Certified Document Number:       88087138 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**